| | | |
|---|---|---|
| ERIC S. McCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:11-CV-18 PS |
| | ) | |
| CITY OF FORT WAYNE, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On March 26, 2010, Fort Wayne police officers searched Eric McCoy's home pursuant to a search warrant. They then arrested McCoy for drug related offenses and took him to the Allen County Jail where he was interrogated without being read his *Miranda* rights. According to McCoy, the search warrant for his home was invalid because an officer obtained it by making false statements and misrepresentations to the judge who issued the warrant. The Defendants are the City of Fort Wayne, the Fort Wayne Police Department, and Fort Wayne police officers Darrick Engelman, Brian Martins, Jean Gigli, Robert Theurer, Mark Watters, Kurt Franceus, Sandra Kerschner, Mark Brown, and J. Weigmann.

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

In the context of a motion to dismiss for failure to state a claim, the Supreme Court has stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). *Id.* at 2200. The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*. In an effort to reconcile *Twombly* and *Erickson*, the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007)**;** *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (" But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.") (quotation marks and citations omitted).

One preliminary matter before I review the complaint: the Defendants have jumped the gun and filed a notice [DE 14] asking me to consider additional information [DE 13] when I screen the Plaintiff's complaint. This is puzzling. Section 1915A (a) states: "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Plainly the statute contemplates review only of

the complaint and its attachments to determine its sufficiency. Accordingly, I will screen the Plaintiff's complaint without consideration of extraneous materials.

McCoy brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Matoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Because McCoy's claims deal with a search of his home and his arrest, his claims against the Defendants arise under the Fourth Amendment. *United States v. Wilson*, 169 F.3d 418, 423 (7th Cir. 1999) ("The Fourth Amendment, made applicable to the states through the Fourteenth Amendment, governs searches and seizures by state officers").

In paragraph one of his complaint, McCoy alleges that the City of Fort Wayne violated his federally protected rights. In paragraph two, he makes the same claim against the Fort Wayne Police Department. In Indiana, a city's police department, however, is not a suable entity and is not a proper party in a § 1983 action. *Snow v. Fortville Police Department*, 636 F.3d 293, 300 (7th Cir. 2011) ("the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued"); *see also Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). Accordingly, McCoy's claims against the Fort Wayne Police Department must be dismissed.

As for the claim against the City, McCoy asserts that "[t]he City of Fort Wayne, Indiana,

in its representative capacity is liable for the torts of the officers under the doctrine of respondeat superior" [DE 1 at 3]. But the doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions, and may not be used in a § 1983 action to hold a municipality responsible for acts of its employees. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

McCoy also alleges that the City of Fort Wayne "is liable for its unconstitutional policies, customs and state law violations" [DE 1 at 3]. But municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom *caused* the alleged violation of the plaintiff's rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). "[W]here the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality and the causal connection between the [omission in the policy] and the constitutional deprivation." *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985)). "Ordinarily, one incident is not sufficient to establish a custom that can give rise to *Monell* liability." *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000) (citing *Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994)).

Nothing in McCoy's complaint suggests that the police officers' actions he complains of were the result of a policy or practice established or sanctioned by Fort Wayne policymaking officials. Accordingly, McCoy has not stated an official capacity damage claim against the City of Fort Wayne, and the city is therefore entitled to dismissal of the § 1983 claim against it.

In paragraph three, McCoy alleges that defendant Engelman violated the Fourth Amendment's prohibition against unreasonable searches and seizures "by knowingly and intentionally with reckless disregard for the truth, submitt[ing] under oath, false statements and

misrepresentations to a magistrate or judge, in order to establish cause for a search warrant on the plaintiff's property and person" [DE 1 at 3].  McCoy asserts that this warrant resulted in an illegal search of his property and his arrest on drug related charges.  Taking the allegations of paragraph three as true, they state a Fourth Amendment claim against defendant Engelman upon which relief can be granted.  *See Olson v. Tyler*, 771 F.2d 277, 281 (7th Cir. 1985) ("A warrant does not erect an impenetrable barrier to impeachment of a warrant affidavit. . . . If an officer submitted an affidavit that contained statements he knew to be false or would have known were false had he not recklessly disregarded the truth and no accurate information sufficient to constitute probable cause attended the false statements, not only is his conduct the active cause of the illegal arrest, but he cannot be said to have acted in an objectively reasonable manner.") (internal citation omitted).

In paragraph six, McCoy alleges that defendants Engelman, Watters, Franceus, Kerschner and Brown "executed an unconstitutional, unreasonable, illegal search warrant that was issued without probable cause, knowingly by the affiant intentionally with the assistance of the other officers," which resulted in "false charges being brought against the plaintiff and false imprisonment" [DE 1 at 4].  If defendants Watters, Franceus, Kerschner, and Brown did not participate in obtaining the warrant, were unaware that defendant Engelman may have lied to obtain the warrant, and relied on a search warrant that was facially valid, then they did not violate McCoy's Fourth Amendment rights.  *Juris v. McGowan*. 957 F.2d 345, 350, (7th Cir. 1992) ("Generally, a person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest; this is so even if the arrest warrant is later determined to have an inadequate factual foundation."); *see also Baker v. McCollan*, 443 U.S. 137, 143 (1979); *Mark v. Furay*, 769 F.2d 1266, 1268 (7th Cir. 1985).

There is, "however, a recognized exception for situations where officers responsible for bringing about an unlawful arrest knew that the arrest warrant had issued without probable cause; this is particularly true of officers who knew that those who obtained the warrant had deceived the authorizing body." *Juris v. McGowan*. 957 F.2d 345, 350 (7th Cir. 1992) (citing *Malley v. Briggs*, 475 U.S. 335, 345 (1986)); *see also Olson v. Tyler*, 771 F.2d 277, 281 (7th Cir. 1985). Giving McCoy the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say that no relief could be granted against defendants Watters, Franceus, Kerschner, and Brown under any set of facts that could be proved consistent with McCoy's claim that these defendants served a search warrant on him, knowing that it was not based on probable cause.

In paragraph four of his complaint, McCoy alleges that defendants Theurer and Gigli, under the direct orders of defendant Engelman, "maliciously and falsely arrested the plaintiff without probable cause which resulted in the plaintiff's false imprisonment" [DE 1 at 4]. Accepting as true McCoy's allegation that the search warrant was defective because defendant Engelman intentionally submitted false statements in order to obtain it, the Court cannot say that no relief could be granted against these defendants under any set of facts that could be proved consistent with McCoy's claim that they arrested him without probable cause.

In paragraph five of his complaint, McCoy alleges that, following his arrest, defendants Engelman, Martins, and Weigmann "initiated and conducted [an interrogation of him] without the reading of the plaintiff's Miranda rights or . . . an interview of advise rights waiver" [DE 1 at 4]. Even assuming that these defendants interrogated McCoy without first providing him with a *Miranda* warning, this allegation does not support a civil claim against them. *Hensley v. Carey*,

818 F.2d 646, 650 (7th Cir. 1987).  Since the only claim against defendants Martins and Weigmann is that they participated in this interrogation, those defendants will be dismissed from this case.

In paragraph six of his complaint, McCoy reiterates that his claims arise under the United States Constitution, but adds that the Defendants are also "liable for all damages, injuries, and proper relief under the tort law of the State of Indiana" [DE 1 at 4].  In Section 1367, the pendent jurisdiction doctrine was codified to provide that federal courts, unless otherwise provided by statute, "have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy."  28 U.S.C. § 1367.  Under this doctrine, McCoy may pursue his state law claims that are factually related to his federal law claims against defendants Engelman, Gigli, Theurer, Watters, Franceus, Kerschner, and Brown, to the extent that he meets the procedural prerequisites established by state statute to bring those claims. And under Indiana law, assuming a tort claim notice has been filed, the City of Fort Wayne could be held vicariously liable for officers who make false arrests. *See* I.C. § 34-13-3-3(8).

For the foregoing reasons, the Court:

(1) **GRANTS** plaintiff Eric McCoy leave to proceed against defendants Darrick Engelman, Jean Gigli, Robert Theurer, Mark Watters, Kurt Franceus, Sandra Kerschner, and Mark Brown for damages in their individual capacities on (1) McCoy's claim in paragraph three that defendant Engelman intentionally submitted false statements in order to establish cause for the search warrant; (2) McCoy's claim in paragraph four that defendants Theurer, Gigli, and Engelman maliciously and falsely arrested him without probable cause; (3) McCoy's claim in

paragraph six that defendants Engelman, Watters, Franceus, Kerschner and Brown executed a search warrant they knew to be false; and (4) McCoy's supplemental state law claims to the extent that he meets the procedural prerequisites established by state statute to bring those claims;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A, the § 1983 claim against the City of Fort Wayne, and **DISMISSES** all claims against the Fort Wayne Police Department, and defendants Brian Martins, and J. Weigmann;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the remaining Defendants respond to the complaint as required by the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the Marshals Service to effect service of process on defendants Darrick Engelman, Jean Gigli, Robert Theurer, Mark Watters, Kurt Franceus, Sandra Kerschner, Mark Brown and the City of Fort Wayne, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on those defendants along with copies of the summons and complaint.


**SO ORDERED**.

ENTERED: June 22, 2011

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
