UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ERIC S. McCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:11-cv-018 |
| | ) |
| CITY OF FORT WAYNE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a motion filed by *pro se* Plaintiff Eric S. McCoy in this 42 U.S.C. § 1983 case, together with a completed Questionnaire for Appointment of Counsel, asking that this Court recruit an attorney to represent him. (Docket # 35, 40.) The motion was a topic of discussion at the October 12, 2011, scheduling conference and the Court took the motion under advisement. (Docket # 38.) Ultimately, because McCoy's case is not a difficult one, and since he is competent to litigate it, the motion will be DENIED.

## LEGAL STANDARD

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

This decision by the district court comes down to a two-fold inquiry that must address

"both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself."[1] *Pruitt*, 503 F.3d at 655; *see also Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). The question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*, 503 F.3d at 655. Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id*. (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id*.

## ANALYSIS

Applying the foregoing two-fold inquiry, it is evident that McCoy is competent to represent himself in this relatively straightforward § 1983 action. After McCoy's *pro se* Complaint underwent screening, his claims essentially come down to an allegation that some of the Defendants falsely arrested him during a drug deal, that a search warrant issued for his residence was supported by a knowingly false affidavit, and that as a result, his home was

---

[1] Here, McCoy has made a reasonable attempt to obtain counsel on his own, as he has apparently contacted at least three different attorneys; none, however, have taken his case. (Docket # 40.) Of course, this may be some indication that McCoy's case has little merit and that appointing counsel will not make a difference in the ultimate outcome. *See County of McLean*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

subjected to an illegal search. (Docket # 1, 15.) Although McCoy describes the case as "complex," it is apparent that he is familiar with both the facts—either through first-hand knowledge or from his criminal proceedings—as well as the law. Therefore, the first factor, the difficulty of his claims, cuts against McCoy's request for counsel. *See Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Second, McCoy has already adequately articulated his claims in this case and actively sought relief through various motions. (*See, e.g.*, Docket # 2, 9, 36.) Moreover, McCoy has commenced document discovery related to his case. (Docket # 51.) Thus, he has already performed some legal research, and after discussing the proceedings with him at the scheduling conference, the Court is convinced that he is fully capable of articulating and advancing his legal position.

Finally, because many of the facts of the case are already within his knowledge, discovery is apt to be limited and certainly not insurmountable. In fact, the Court has already sent him copies of the applicable Federal Rules of Civil Procedure concerning discovery. Moreover, as McCoy concedes, he has access to the law library at his place of incarceration once or twice a week, so he has some basic legal tools at his disposal. As a result, the second factor of the two-fold inquiry—the plaintiff's competence to litigate the claims himself—also fails to support his request for counsel.

Considering the foregoing, McCoy appears quite competent to adequately handle his case. Consequently, his motion asking that the Court recruit counsel for him will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion requesting the appointment of counsel (Docket # 35) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on his own.

Enter for this 13th day of October, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

4