UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ERIC S. MCCOY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF FORT WAYNE, et al., )<br>)<br>Defendants. ) | CAUSE NO.  1:11-CV-18 |

## OPINION AND ORDER

Before the Court is a document entitled "Motion of Plaintiff for Leave to Take Written Depositions of the Defendants" (Docket # 57) filed by *pro se* Plaintiff Eric McCoy, requesting that the Court grant him leave to depose by written questions Defendant Officers Darrick Engelman, Robert Theurer, Mark Watters, Kurt Franceus, Sandra Kerschner, and Mark Brown. McCoy's motion, however, is without merit.

First of all, under Federal Rule of Civil Procedure 31(a)(1), McCoy does not need leave of Court in order to depose these Defendants. ("A party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2)."). Here, none of the conditions in Rule 31(a)(2) requiring leave of court exists—the deposition request is timely, the depositions would not result in McCoy taking more than ten depositions, and the deponents have not been previously deposed in this case and are not confined to prison.[1]

---

[1] Regardless of whether leave of Court is required for a deposition by written questions, Rule 31(a)(3) also requires that a notice be issued to the deponents as follows:

> A party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address.  If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.  The notice must also state the name or descriptive title and the address of the officer before whom the deposition will be taken.

Furthermore, to the extent that McCoy may be requesting that these depositions be conducted at no cost to him, his request is unavailing. "The plaintiff cannot take a deposition without a court reporter and the 'court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. Sec. 1915(a).'" *Stewart v. Walker*, No. 05-1210, 2007 WL 3348359, at *2 (C.D. Ill. Nov. 5, 2007) (quoting *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at *1 (N.D. Ill. June 26, 1996)) (denying indigent plaintiff's request to conduct depositions by written question); *see generally Tabron v. Grace*, 6 F.3d 147, 159-60 (3rd. Cir. 1993) ("[A]s a general rule, indigent litigants bear their own litigation expenses, at least initially . . . ." (citation omitted)); *Dixie v. Fort Wayne Police Dep't*, No. 1:08-cv-85, 2008 WL 2130168, at *1 (N.D. Ind. May 21, 2008).

Of course, McCoy may instead ask the Defendants to provide responses to written interrogatories by following Federal Rule of Civil Procedure 33. *See Stewart*, 2007 WL 3348359, at *2. McCoy is reminded that he must follow the rules of discovery and the imitations on the number of questions asked. *See id*.

Therefore, for the foregoing reasons, the Motion of Plaintiff for Leave to Take Written Depositions of the Defendants (Docket # 57) is DENIED.

SO ORDERED. Entered this 3rd day of November, 2011.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge