UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ERIC S. MCCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:11-CV-18 |
| | ) |
| CITY OF FORT WAYNE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a document entitled "Motion to Request Additional Time for Discovery and Production of Documents" (Docket # 63) filed by *pro se* Plaintiff Eric McCoy, an inmate proceeding *pro se*, requesting that the Court afford him an extension of time to perform discovery, including obtaining his medical information from non-parties, in order to respond to Defendants' pending motion for summary judgment (Docket # 46). For the following reasons, McCoy's request will be GRANTED.

As background, McCoy filed this 42 U.S.C. § 1983 suit against Defendants on January 10, 2011, alleging various civil rights violations arising from a search of his home and his subsequent arrest for drug-related offenses, and his complaint was screened pursuant to 28 U.S.C. § 1915A on June 22, 2011. (Docket # 1, 15.) Defendants filed a motion for summary judgment on all claims on September 28, 2011. (Docket # 46.)

Five days later, on October 3, 2011, McCoy sent his first request for production of documents to Defendants. (Docket # 46.) The Court conducted a scheduling conference on October 12, 2011, directing that Defendants respond to McCoy's outstanding discovery by October 24, 2011, and that McCoy respond to Defendants' motion for summary judgment by

November 28, 2011. (Docket # 52.) Defendants timely responded to McCoy's first discovery request. (Docket # 54.) McCoy sent a second request for production of documents on November 2, 2011, to which Defendants also timely responded. (Docket # 58, 62.) McCoy then sent two more discovery requests for documents and interrogatories on November 7 and 17, 2011, and filed the instant motion. (Docket # 60, 63, 64.)

Of course, "while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds." *Donald* v. *Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Accordingly, McCoy's motion for an extension (Docket # 63) is GRANTED in that he is afforded up to and including January 16, 2012, for the completion of all discovery relating to the pending motion for summary judgment, and up to and including February 15, 2012, to respond to the summary judgment motion.[1] However, since Defendants' motion for summary judgment does not pertain to damages, McCoy's request for medical records from non-parties Allen County Jail and Westville Correctional Facility can be deferred. In any event, McCoy is instructed that he must comply with Federal Rule of Civil Procedure 45 (Subpoena), a copy of which was sent to him on October 12 (Docket # 52), when seeking information from non-parties.

SO ORDERED. Entered this 22nd day of November, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] McCoy is reminded that for discovery to be timely, it generally must be served at least thirty days prior to the discovery deadline. *See* Fed. R. Civ. P. 33(b)(2); *Shadle v. First Fin. Bank, N.A.*, No. 1:09-cv-37, 2009 WL 3787006, at *1 (N.D. Ind. Nov. 10, 2009).