**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **ERIC S. MCCOY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CAUSE NO. 1:11-CV-18** |
| **v.** | ) | |
| | ) | |
| **CITY OF FORT WAYNE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Eric S. McCoy, a *pro se* prisoner, moves for leave to amend his complaint. (Docket # 65.)

McCoy filed this action on January 10, 2011. (Docket # 1.) The Court screened his complaint as

required by 28 U.S.C. § 1915A, and allowed him to proceed on the following claims: a claim

against Detective Darrick Engelman for intentionally submitting false statements to obtain a

search warrant for McCoy's residence; claims against Officers Mark K. Watters, Kurt Franceus,

Sandra Kerschner, and Mark Brown for executing a search warrant they allegedly knew to be

based on false statements; and claims against Detective Engelman and Officers Jean Gigli and

Robert Theurer for false arrest. (Docket # 15.) He was also granted leave to proceed on his

related claims under Indiana law, including a claim against the City of Fort Wayne based on a

vicarious liability theory. (*Id.*) The Court dismissed McCoy's claims against Detective Engelman

and Officers Brian Martins and J. Weigmann for an alleged *Miranda* violation, and also

dismissed his claim against the Fort Wayne Police Department, a non-suable entity. (*Id.*) Finally,

the Court dismissed his federal claim against the City of Fort Wayne, as he failed to allege an

official policy claim under *Monell v. New York City Department of Social Services,* 436 U.S. 658

(1978). (*Id.*)

Since the screening order was issued the parties engaged in discovery, and the Defendants also moved for summary judgment. (Docket # 46.) The motion for summary judgment is presently being briefed. (Docket # 82.) In his motion to amend, McCoy seeks to resurrect his *Monell* claim and also to add various new claims against the Defendants. (Docket # 65, 68.) The Defendants object to McCoy's request (Docket ## 67, 80; *see also* Docket # 101), and McCoy has replied (Docket # 88).

Leave to amend should be freely granted "when justice so requires." FED. R. CIV. P. 15(a)(2). However, the Court has broad discretion to deny a request to amend where the proposed amendment would be futile, or where there has been undue delay or unfair prejudice to the defendants. *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011); *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009).

As recounted above, this case has been pending for nearly a year, and McCoy does not provide any explanation in his motion as to why he could not raise these claims earlier. Additionally, the Defendants already took McCoy's deposition (Docket # 23), and expended efforts to prepare and file a motion for summary judgment based on the original complaint. Permitting McCoy to add new claims at this stage would unfairly prejudice the Defendants. *See Johnson*, 641 F.3d at 872 (affirming denial of motion to amend where the plaintiff waited until after discovery had closed and the defendants moved for summary judgment to amend his complaint); *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992) (affirming denial of motion to amend where plaintiff failed to explain why he waited several months, and after discovery had been conducted, to add additional defendants).

Aside from McCoy's undue delay and the resulting prejudice to the Defendants,

permitting the proposed amendment would be futile. Under federal pleadings standards, the

plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative

reader, *might* suggest that something has happened to her that *might* be redressed by the law."

*Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). To survive

dismissal the plaintiff must state a claim for relief that is "plausible on its face." *Ray v. City of

Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(quotation marks and internal citations omitted). In determining whether the complaint states a

claim, the Court need not accept "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements." *Id.*

In his proposed amended complaint,[1] McCoy seeks to add three claims. First, he seeks to

add conspiracy claims against Detective Engelman and Officers Theurer and Gigli. (Docket ##

65 at 1, 68-1 at 3-4, 68-2 at 1-2.) He sets forth the same factual narrative as outlined in the

original complaint, and asserts generally that these defendants "willfully and knowingly acted in

concert to commit acts of conspiracy in order to deprive the plaintiff of his equal protection of

the law by undertaking of the unlawful arrest which caused injury to plaintiff's property and

person . . . ." (Docket # 68-1 at 4.) He does not offer specifics about this alleged conspiracy, and

his bare allegations of a conspiracy do not suffice. *See Iqbal*, 129 S. Ct. at 1949; *see also*

---

[1] For unknown reasons McCoy submitted his proposed amended complaint as two separate
documents, a proposed amended complaint and a proposed supplemental complaint. (Docket ## 68-1, 68-
2.) Together these appear to constitute one complete document.

*Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006) ("bare" allegation of conspiracy is

insufficient to state a claim). Because McCoy's proposed amended complaint does not contain a

plausible conspiracy claim, it would be futile for the Court to allow the amendment.

McCoy also seeks to resurrect his *Monell* claim against the City of Fort Wayne. (Docket

## 65 at 1, 68-1 at 3.) In support of this claim he states as follows:

> The plaintiff claims and asserts Monell claims against the City of Fort Wayne
> alleging that municipal policy caused the plaintiff constitutional depr[i]vations,
> where the policy constitutes a widespread practice, well settled custom or usage,
> with force of law, which is a direct injury to the plaintiff and his secured rights
> protected under the Fourth and Fourteenth Amendments which prohibits unlawful
> search and seizures, among other rights.

(Docket # 68-1 at 3.) As in his original complaint, there is nothing from which it can be plausibly

inferred that the actions of the officers were the result of an official policy sanctioned by the City

of Fort Wayne. (*See* Docket # 15 at 3-4.) To the extent McCoy is trying to allege the existence of

an unconstitutional custom, he describes only the events surrounding his own arrest, and "one

incident is not sufficient to establish a custom that can give rise to *Monell* liability." *Williams v.*

*Heavener*, 217 F.3d 529, 532 (7th Cir. 2000). McCoy may also be trying to allege a federal claim

against the City of Fort Wayne as the officers' employer, but there is no general *respondeat*

*superior* liability under 42 U.S.C § 1983. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

Accordingly, it would be futile to allow the proposed amendment.

Finally, McCoy seeks to prosecute the defendants for violations of federal law,

specifically "Title 18 U.S.C. 241, 242, 1001, 1501 and 1621," which govern conspiracies and the

making false statements, among other matters. (*See* Docket # 68-2 at 1.) As a private citizen,

McCoy does not have authority to initiate federal criminal charges against the Defendants; only

the U.S. Attorney General has such authority. *See United States v. Palumbo Bros., Inc.*, 145 F.3d

850, 865 (7th Cir. 1988) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General") (internal quote marks and citation omitted). Therefore, permitting the proposed amendment would be futile.

For the reasons set forth above, the motion to amend the complaint (Docket # 65) is **DENIED**.

SO ORDERED.

Entered this 11th day of January, 2012.

s/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge